FILED

07/08/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0566

DA 24-0566

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 151N

IN THE MATTER OF THE
CONSERVATORSHIP OF

S.H.C.,

      An Incapacitated Person.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Custer, Cause No. DG-9-2022-04
Honorable Michael B. Hayworth, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Daniel Eakin, Attorney at Law, Sidney, Montana

      For Appellee S.H.C.:

          Janette Krutzfeldt Jones, Attorney at Law, Miles City, Montana

      For Appellee BreAnna Simpson:

          BreAnna Simpson, Self-Represented, Missoula, Montana

      For Appellee Sharon Stanhope:

          Albert R. Batterman, Batterman Law Offices, P.C., Baker, Montana

Submitted on Briefs:  May 14, 2025

Decided:  July 8, 2025

Filed:

                    _____
                               Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 David Stanhope appeals the Sixteenth Judicial District Court's August 27, 2024 order establishing a conservatorship for S.H.C., an incapacitated person, and appointing BreAnna Simpson as conservator. David argues that the court abused its discretion by appointing BreAnna when it relied on an invalid power of attorney S.H.C. executed after previously being placed under a permanent guardianship and that the court's prior guardianship order already had granted the co-guardians authority to conserve and manage S.H.C.'s finances and estate. We affirm.

¶3 The case began in 2022 with David's verified petition for the appointment of a full guardian and conservator for the elderly S.H.C. In April 2022, the District Court issued an Order and Letters granting David temporary full guardianship and conservatorship of S.H.C., not to exceed six months. The court directed the filing of a physician's report and appointed a visitor to report to the court. Following entry of the visitor's report, Sharon Stanhope filed a notice contesting David's appointment as permanent guardian and conservator. The District Court appointed counsel for S.H.C., appointed a physician to report to the court, and set a hearing on David's petition. At that hearing, the court extended

the temporary appointment and continued the hearing to appoint a new physician and allow more time for the physician's report.

¶4 Following the filing of the physician's report, the District Court held a hearing on November 29, 2022. David's counsel advised the court that the parties had reached agreement "to dismiss the conservatorship portion of this action" and to move forward with appointment of a guardian. S.H.C.'s counsel represented that based on the physician's report, the parties agreed S.H.C. did not meet the statutory requirement of incapacity for a conservatorship. The court entered a Decree Appointing Guardian and Dismissing Conservator on December 5, 2022. It appointed Sharon "Sherry" Stanhope and Randy Stanhope as permanent, full co-guardians for S.H.C. In the Decree, the District Court revoked its previously issued Letters of Temporary Full Guardianship and Conservatorship granted to David and directed David to "reinstate all financial records and authority over assets of [S.H.C.]'s estate to [S.H.C.] or to a fiduciary appointed by [S.H.C.] pursuant to an executed Montana Statutory Durable Power of Attorney." David did not appeal. *See* M. R. App. P. 6(4) (requiring immediate appeal of certain orders in estate, guardianship, and probate matters).

¶5 On July 2, 2024, BreAnna Simpson filed a verified petition to be appointed as S.H.C.'s conservator. She attached to her petition a December 5, 2022 signed and notarized Durable Power of Attorney by S.H.C. appointing her as his attorney in fact for all financial matters. The power of attorney included a provision nominating BreAnna if it became necessary "to appoint a guardian of [S.H.C.]'s person or conservator of [his] estate." The

3

court entered an order setting a hearing on the petition and requiring Simpson to provide notice to all persons entitled to notice pursuant to § 72-5-314, MCA.[1]

¶6 The District Court held a hearing on August 26, 2024. S.H.C. was absent but represented by his counsel. S.H.C.'s attorney advised the court that S.H.C. was comfortable having BreAnna continue to manage his financial affairs, as she had been doing since the December 2022 order and pursuant to the Durable Power of Attorney, but that BreAnna had been denied access to a Fidelity Investment account without a court order recognizing her as S.H.C.'s conservator. Although Fidelity indicated it would work with the co-guardians, counsel observed that the court's December 2022 order specified "that this co-guardians capacity was for physical caretaking, for communicating with the family about medical needs, and for overseeing medical care and that it specifically did not include financial oversight." Counsel advised the court that, although S.H.C.'s mental capacity had declined somewhat since the December 2022 decree, his physical capacity was the bigger limitation and she was confident he had mental capacity at the time he signed the Durable Power of Attorney. An August 2024 updated physician's report to the court noted that S.H.C. agreed a conservatorship was "the best course of action as he knows he is not capable of taking care of his finances independently. He does also specifically state that

---

[1] This section pertains to notices in guardianship proceedings. Notice of a petition for conservatorship is governed by § 72-5-404, MCA. On appeal, Sharon Stanhope contests David's status as an interested person under § 72-1-103(25), MCA. But throughout the proceedings, David and his siblings all were treated without objection as interested persons, and neither S.H.C.'s counsel nor BreAnna claims that David should not receive notices called for under the guardianship and conservatorship statutes.

he does not want any of his children to have any access to his finances outside his granddaughter Briannna's [sic] control."

¶7 David, through new counsel, advised the court that they questioned the validity of the December 5, 2022 Durable Power of Attorney because it was executed on the same day the court entered its decree appointing the permanent, full co-guardians, who were not involved in its drafting or in S.H.C.'s decision to execute the document. Counsel argued that based on the court's finding that S.H.C. was "in need of or unable to make those decisions upon his own," the co-guardians should have been consulted, and the court should not rely on the Durable Power of Attorney appointing BreAnna as S.H.C.'s agent. David agreed that S.H.C. needed a conservator but, based on concerns he had over BreAnna's administration of S.H.C.'s affairs, argued that he was the appropriate person to be appointed (though he had not filed a petition seeking such appointment).

¶8 The District Court recalled from the 2022 hearing that the parties agreed that S.H.C. needed the guardianship at that time but was not yet at the point where he required a conservator and that S.H.C.'s "estate and financial matters would be governed by power of attorney authority[,] not a guardianship authority[.]" The court examined BreAnna Simpson, who was unrepresented, and heard from the other interested parties about BreAnna's petition. The court also permitted David to address the court concerning his position on the conservatorship. Following additional comments from S.H.C.'s counsel and the court's further questions of BreAnna, the District Court remarked on the obvious mistrust between members of the family and observed that the only petition it was considering, and the only nomination for conservator, was BreAnna Simpson.

Emphasizing its attempt "to balance [S.H.C.]'s comfort and the comfort of interested persons who are interested in [his] welfare," the court indicated that it would appoint BreAnna as S.H.C.'s conservator and, to promote a working relationship between the various parties, would ask for a "more extensive accounting" than that required by the statutes.

¶9      The court's written order to the same effect was entered the following day. In that order, the court found that the appointment of a permanent conservator was appropriate for S.H.C., as he was incapacitated and required assistance with the effective management of his finances and assets to ensure they "are not wasted or dissipated and are available for his care and support." The court found further that BreAnna Simpson was the proper person to serve as the permanent conservator for S.H.C. "based on the December 2022 and current designation by [S.H.C.]" The order provided for additional notice of authority exercised by the conservator "[g]iven the rift and mistrust between the siblings[.]" It accordingly required the Conservator to provide monthly updates to the interested parties regarding S.H.C.'s bank statements and records of payments and expenditures made from the accounts, along with an inventory and annual accounting as provided in § 72-5-424, MCA. The order additionally included guidelines for "Supported Decision-Making."

¶10     "[T]rial courts and conservators are granted broad discretionary powers" under Montana's conservatorship statutes. *In re Guardianship & Conservatorship of A.M.M.*, 2015 MT 250, ¶ 17, 380 Mont. 451, 356 P.3d 474 (quoting *Redies v. Cosner*, 2002 MT 86, ¶ 20, 309 Mont. 315, 48 P.3d 697). Subject to statutory restrictions, we review a district court's choice of conservator for abuse of discretion. *In re A.M.M.*, ¶ 16 (citation omitted).

6

An individual fourteen years of age or older who is nominated by the protected person has statutory priority for appointment as conservator, provided the court is of the opinion that the person has "sufficient mental capacity to make an intelligent choice[.]"  Section 72-5-410(1)(b), MCA.[2]

¶11     Represented by new counsel on appeal, David reasserts his contention that S.H.C.'s Durable Power of Attorney appointing BreAnna as his attorney in fact is invalid because it was executed after the District Court already had determined that S.H.C. was in need of care and had appointed full co-guardians.  Evident from both the record and the District Court's December 5, 2022 Decree, however, the appointment of Sherry Stanhope and Randy Stanhope as co-guardians was just that—a guardianship under Title 72, chapter 5, part 3, MCA, to provide assistance to S.H.C. in "physical, emotional and medical matters."  The Decree conferred on the co-guardians the powers and duties of a guardian under § 72-5-321, MCA, and made clear that S.H.C. or "a fiduciary appointed by [S.H.C.] pursuant to an executed Montana Statutory Durable Power of Attorney" would retain authority over the assets of S.H.C.'s estate.  Through his then-counsel, David agreed that S.H.C. was not in need of a conservatorship at that time and stipulated to dismissing the "conservatorship portion" of the proceeding.  In accordance with the District Court's Decree, and with the assistance of counsel, S.H.C. executed the Durable Power of Attorney appointing BreAnna as his agent.  The District Court did not err when it relied on S.H.C.'s

---

[2] Neither David nor the other involved siblings are S.H.C.'s adult children, so none have statutory priority for appointment.

7

Durable Power of Attorney in considering BreAnna's appointment as permanent conservator.

¶12 David maintains that because the December 2022 Decree appointed Sherry and Randy as co-guardians of the person "and estate" of S.H.C. and gave them full powers under § 72-5-321, MCA, that necessarily included managing S.H.C.'s estate and finances as co-conservators under § 72-5-321(2)(d)(ii), MCA. That subsection permits a full guardian to receive and apply money and property on behalf of the ward for the ward's "support, care, and education" if a conservator has not been appointed. But the statute does not confer the powers of a conservator; those powers are expressly provided in § 72-5-427, MCA, which was not part of the 2022 Decree. Instead, the Decree made clear that S.H.C. would have control over his own finances unless he chose to delegate that authority by a statutory durable power of attorney. David has not shown that the 2022 Decree was in any way unclear or that the 2024 Order Establishing Conservatorship "muddles [the] authority" of the permanent, full co-guardians the Decree conferred.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct. The court had substantial evidence to support the appointment of a conservator for S.H.C. and is afforded discretion in its choice of conservator. The District Court's August 27, 2024 Order Establishing Conservatorship and appointing BreAnna Simpson as conservator is affirmed.

8

/S/ BETH BAKER

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M BIDEGARAY
/S/ JIM RICE